IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>BRIAN PATRICK HERRIMAN,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR HEARING<br><br><br><br>Case No. 2:05-CR-212 TS |

Defendant seeks a supervised release revocation hearing. Defendant states he is currently in state custody with a federal detainer. Because Defendant appears pro se, the court construes his filing liberally.[1]

Rule 32.1 of the Federal Rules of Criminal Procedure proves that "[a] person held in custody for violating . . . supervised release must be taken without unnecessary delay before a magistrate judge."[2] Because Defendant is currently held in state custody, he is

---

[1] *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007).

[2] Fed. R. Crim. P. 32.1(a).

1

not "held in custody *for* violating . . . supervised release."[3] Defendant will not be entitled to a hearing on his supervised release matters until he is transferred to federal custody.[4]

It is therefore

ORDERED that Defendant's Motion for supervised release revocation hearing (Docket No. 47) is DENIED.

DATED August 5, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[3]*Id*. (emphasis added).

[4]*United States v. Swenson*, 250 Fed. Appx. 838, 840 (10th Cir. 2007) (unpublished case holding that "Rule 32.1(a) entitles only those currently in federal custody to a hearing").